IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF INDIANA
                            FORT WAYNE DIVISION

CARTIER D. TASBY,                  )
                                   )
Plaintiff,                         )
                                   )
vs.                                )      CAUSE NO. 1:15-CV-180
                                   )
RODNEY FAULK, et al.,              )
                                   )
Defendants.                        )

                            **OPINION AND ORDER**

    This matter is before the Court on the complaint filed by Plaintiff, Cartier D. Tasby, a *pro se* prisoner, on July 10, 2015. (DE 1.) For the reasons set forth below, the court **DISMISSES** this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) because both Rodney L. Faulk and Shannon K. Wright have prosecutorial immunity.

DISCUSSION

    In this case, Tasby sues Rodney Faulk and Shannon Wright, both Grant County prosecuting attorneys. Tasby alleges these prosecutors are each separately prosecuting cases against him for the same offense, subjecting him to double jeopardy. Tasby seeks money damages against both prosecutors and also requests the court to intervene in his ongoing state court prosecutions.

    Tasby cannot recover money damages against either prosecutor in this case. "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431

(1976). "Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Cooper v. Parrish*, 203 F.3d 937, 947 (6th Cir. 2000) (quotation marks and citation omitted). Moreover, claims for defamation are not actionable under § 1983. *See Paul v. Davis*, 424 U.S. 693, 712 (1976) ("[W]e hold that the interest in reputation asserted in this case is neither 'liberty' nor 'property' guaranteed against state deprivation without due process of law.")

Nor can Tasby have this court intervene in his criminal cases pending in the State of Indiana. To the extent Tasby is attempting to have his conviction invalidated or otherwise obtain release from prison, he must pursue such relief in a habeas proceeding under 28 U.S.C. § 2254, subject to the requirements of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2254; *Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973) (habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement).

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.") Such is the case here because no

amendment could cure the fact that Tasby cannot obtain any relief in a lawsuit against these Grant County prosecutors. Therefore this case must be dismissed.

CONCLUSION

For the reasons set forth above, the Court **DISMISSES** this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) because Rodney Faulk and Shannon Wright have prosecutorial immunity.

DATED: September 1, 2015          /s/RUDY LOZANO, Judge
                                  United State District Court